[Civ. No. 27214.   Second Dist., Div. Three.   Nov. 18, 1964.]

A. B. BOLOTIN et al., Plaintiffs and Respondents, v. SAM-UEL K. RINDGE et al., Defendants and Appellants.

Wright, Wright, Goldwater & Mack, Augustus F. Mack, Jr., and John H. Rice for Defendants and Appellants.

Horowitz & Howard and Alvin F. Howard for Plaintiffs and Respondents.

FILES, J.—This is an action for declaratory relief and to quiet title against tractwide deed restrictions which limit the use of plaintiffs' property to single-family residential purposes. The trial court gave judgment declaring the restrictions to be unenforceable in part. Defendants have appealed. It is necessary to reverse the judgment because of the absence of a finding of fact on an issue which must be resolved before the controversy can be decided.

Plaintiffs own an unimproved lot situated at the northeast corner of Wilshire Boulevard and Hudson Avenue in the City of Los Angeles. This lot is a part of a tract which was subdivided by G. Allen Hancock in 1923 in the area now known as Hancock Park. Defendants are owners of other lots in the same tract. All the lots in the tract are subject to deed restrictions imposed by the original subdivider. These restrictions require, among other things, that each lot shall be used solely for single, private residences and that each residence shall front on a north-south street. These restrictions will expire January 1, 1970. All the lots in the tract except four have been improved with single-family residences. The four lots which have never been improved are the northeast and northwest corners of Wilshire and Hudson, and the two lots which are immediately north of the two corner lots.

There is no dispute that the Hancock Park area is one of the most desirable and expensive residential areas in the community. It is also undisputed that the character of Wilshire Boulevard has changed greatly since 1923. A stipulation of facts lists these changes in some detail. Plaintiffs' evidence also includes the testimony of a qualified real estate broker and appraiser who testified that in his opinion plaintiffs' lot was not suitable for single-family residential use, that there was no commonsense use to which the property could be put so long as the deed restrictions remained, and that the highest and best use for the property would be a commercial building similar to others which have been built on Wilshire Boulevard, both east and west of the subject property. He expressed the opinion that such a development would have no adverse effect upon either the market values of the residences in the tract or upon the amenities of living there. In his opinion, a building on plaintiffs' lot would help to protect the residences from the noise of the Wilshire traffic. There is an office building on the south side of Wilshire whose parking lot is directly across the street from plaintiffs' lot. The witness pointed out that the use of plaintiffs' property

for a commercial building would bring the commercial influence only 100 feet closer to the defendants' residences.

Defendants produced the testimony of a real estate broker that an office building on plaintiffs' lot would make the residences in the tract much less desirable as homes. In his opinion, a commercial building would inevitably bring more traffic and more parking, and would shut out sunlight. Defendants' witness was also of the opinion that the market value of the residences would decrease if a commercial building were built on plaintiffs' lot.

The findings of fact made by the trial court consist of these two paragraphs:

''The changes in the uses of property abutting Wilshire Boulevard in the vicinity of lot 212 of tract 6388 in the City of Los Angeles and the increase of vehicular traffic on said boulevard along said lot, have resulted in said lot having no substantial value solely for single family residential purposes, but said lot has a market value in excess of $200,000.00 for business uses.

''The refusal to enforce the single family residence restriction and the prohibition of commercial use of said lot 212, contained in the deeds to said lot and adjacent lots issued in 1923 and subsequent thereto, will not have an adverse effect upon the market value of other lots in said tract or tract 7040.''

The only formal conclusion of law made by the trial court was that plaintiffs are entitled to a judgment declaring that the deed restrictions are not enforceable in specified respects.

A ccurt will declare deed restrictions to be unenforceable when, by reason of changed conditions, enforcement of the restrictions would be inequitable and oppressive, and would harass plaintiff without benefiting the adjoining owners. (*Wolff* v. *Fallon,* 44 Cal.2d 695, 696 [283 P.2d 802].) In that case there was a finding of fact, supported by expert testimony, that the use of the plaintiff's property for commercial purposes would not detrimentally affect the adjoining property or neighborhood. A judgment quieting title against the restrictions was affirmed.

In *Marra* v. *Aetna Constr. Co.,* 15 Cal.2d 375, at pages 378-379 [101 P.2d 490], the court said: ''Also well recognized is the rule that a building restriction in the nature of a servitude will not be enforced where changed conditions in the neighborhood have rendered the purpose of the restrictions obsolete. [Citations.] But, if the original purpose of the

covenant can still be realized, it will be enforced even though the unrestricted use of the property would be more profitable to its owner.''

In that case the evidence showed that the lot for whose benefit the restriction had been imposed was no longer being used for residential purposes, and hence the Supreme Court concluded it was no longer equitable to restrict the servient lot to residential purposes.

The difficulty in the present case is that there is no finding that the purposes of the restrictions have become obsolete, or that the enforcement of the restrictions on the plaintiffs' property will no longer benefit the defendants. The trial court's finding as to the effect upon defendants is limited to the statement that there will be no adverse effect upon market value. This is not the test.

The purpose of the deed restrictions, it seems clear enough, was to preserve the tract as a fine residential area by excluding from the tract many of the activities which might be offensive to the residents or which would create noise, traffic, congestion, or other conditions which would lessen the comfort and enjoyment of the residents. Bringing the prohibited activities into the neighborhood might or might not depreciate the market value of the homes. If the restrictions should be broken, and a commercial building erected on the Wilshire frontage, speculators might be willing to pay more for the other parcels in anticipation of future expansion of the commercial development. Thus the intrusion of an office building might increase market values even though it offended the senses of the residents and destroyed the physical conditions which had made their neighborhood a desirable one for them.

In *Miles* v. *Clark*, 44 Cal.App. 539 [187 P. 167], where a decree enjoining a breach of deed restrictions was affirmed, the court said (at pp. 549-550): ''The fact that apart from and surrounding the tract some business has grown up, and that the land has become more valuable in consequence, in no manner entitles defendants to be relieved of the restrictions they have created. This condition is but the natural result of the improvement of the various tracts, and the fact that the property may have become more valuable thereby for business purposes is immaterial. [Citations.] Courts in such cases are not controlled exclusively by money value, but may protect a home.''

Plaintiffs have not cited any cases in which deed restrictions have been held unenforceable upon findings which were

limited to the economic consequences.[1] In *Hirsch* v. *Hancock*, 173 Cal.App.2d 745 [343 P.2d 959], a case which plaintiffs characterize as "strikingly similar" to this one, the court granted relief against the deed restrictions on the property at the northeast corner of Wilshire Boulevard and Rossmore Avenue. The trial court in that case found that the enforcement of the restrictions would be of no substantial benefit to the owners of the other lots in the tract. That finding of fact distinguishes that case from the present one. There is no suggestion in the *Hirsch* case that the courts are concerned only with economic benefits.

The judgment cannot be saved by any doctrine of implied findings. This is not a case where the findings of fact are ambiguous or conflicting. There is nothing in the record to support any inference that the trial court considered or decided whether the purpose of the deed restrictions had become obsolete, or whether the enforcement of the restrictions against plaintiffs' lot would benefit defendants in any respect other than market value. It requires no expert testimony to suggest that living alongside a six-story office building may be quite different from living next to a vacant lot or a single-family residence. On the other hand, plaintiffs offered evidence that the neighborhood had already suffered the consequences of the evolution of Wilshire Boulevard, and that what they proposed to do would make things little worse. It is for the trial court to resolve this issue of fact.

The judgment is reversed.

Shinn, P. J., concurred.

Ford, J., did not participate.

A petition for a rehearing was denied December 7, 1964.

---

[1]We note in passing that the Restatement of Property, section 537, takes the position that a promise as to the use of land is binding upon successors of the promisor only if the performance will result in benefit "in the physical use or enjoyment of the land." Comment (*f*) states: "*Physical use or enjoyment.* For a promise to run with the land of the promisor it is not enough that the performance of the promise operates to benefit either the promisor or the beneficiary of the promise in the use of his land but it must operate to benefit him in the physical use of his land. It must in some way make the use or enjoyment more satisfactory to his physical senses. It is not enough that the income from it is increased by virtue of it." (Accord: *Daniels* v. *Notor*, 389 Pa. 510 [133 A.2d 529].)

Since the validity of the restrictions, as such, is not in issue in the present case, it is unnecessary to consider whether section 537 is the law in California. The section is mentioned as further recognition that deed restrictions have some legally protected purpose other than economic benefit.